THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
SANTOS MALAVÉ SÁNCHEZ, Defendant and Appellant.

No. CR-66-470.     Decided November 3, 1967.

*Héctor Lugo Bougal* for appellant. *J. F. Rodríguez Rivera,* *Acting Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was convicted by a jury of murder in the second degree and violation of § 8 of the Weapons Law. He was also found guilty by the court of a violation of § 6 of the Weapons Law.

He assigns that the trial court erred in omitting instructions on expert evidence when the theory and evidence for the defense were exclusively based on the testimony of an expert.

José Lugo Pérez, witness for the prosecution, testified that at 5:00 p.m. he saw defendant-appellant, naked from the waist up, standing at the edge of the road in front of a path which leads to defendant's house and to that of Carlos Manuel Santiago, the victim; that he saw when defendant fired a revolver shot at Santiago, who was at a distance of about 10 or 12 feet from him; that Santiago rushed to his aggressor and the latter fired two more shots. Only one of those shots wounded Santiago. The evidence does not reveal which was the shot, nor the distance at which the victim was standing from his aggressor when the former received the bullet wound which killed him.

This witness denied that Santiago had burns after the aggression and also denied that the wound was produced in a fight.

Another witness for the prosecution testified that he witnessed the shots. He was passing by the place at the time of the occurrence of the facts in his public service automobile. Upon Santiago's signal he stopped, but he did not take him in because the automobile was chartered by the family traveling in it. He saw defendant standing by the edge of the road, naked from the waist up. He heard a shot, looked and saw when defendant fired at Santiago. He returned to take Santiago to the hospital, but realizing that Santiago

was dead he took him out of the automobile. He went to Santa Isabel and at the entrance of the Playita de Cortada he reported the incident to Lieutenant López.

There is more evidence for the prosecution in the record which we need not recite now. It is sufficient to add that defendant went to police headquarters in Santa Isabel to surrender himself.

The theory of the defense was that the evidence for the prosecution was false and that none of the witnesses presented by the prosecuting attorney could have witnessed the facts. To support it it presented as the sole evidence the testimony of Doctor René Rigal, who made the autopsy of Santiago's body. Said witness testified that the body had a small round wound with a diameter of 1/3 inch with burnt edges turning in, on the left-hand side of the chin; that the wounds with burnt edges occur in case of shots at a short distance, approximately a meter or four feet.

The judge instructed the gentlemen of the jury that it was up to them, as triers of facts, to weigh the evidence and to state, by the result thereof, whether they considered as proved the facts alleged by the prosecuting attorney or those alleged by the defense. He also instructed them that the jury cannot dispense with the evidence admitted by the court, nor arbitrarily disregard the testimony of a witness, and that it was incumbent upon them to settle the contradictions in the evidence.

Said instructions covered the obligation of the jury to consider the testimony of all the witnesses including, of course, since no distinction whatsoever was made, the expert testimony. On the other hand there does not seem to exist any contradiction between the evidence for the prosecution and the expert testimony, in relation to the distance at which defendant fired the shots at the victim, since the evidence does not establish which of the two shots wounded the victim,

and as we have seen, according to the evidence for the prosecution, said shot could have been fired at a short distance.

■ The omission of a specific instruction on expert evidence, in view of the attendant circumstances, did not impair appellant's substantial rights, and therefore should not be ground for reversal.[1]

The omission of instructions in relation to the fact that the gentlemen of the jury could acquit defendant if they had reasonable and well-founded doubt as to the evidence of the People is also assigned as error.

The assignment lacks merit. The judge gave the following instruction to the jury:

"The law states that in every criminal prosecution defendant's guilt must be proved beyond reasonable doubt, and in case of doubt he shall be acquitted."

■ Then the judge elaborated on an explanation of what reasonable doubt is and finally said: "The doubt which justifies the acquittal should not only be reasonable, but it should also arise from a serene, fair and impartial consideration of the evidence as a whole or from the insufficiency of the evidence in support of the information."

It is also assigned as another error committed by the trial court having permitted defendant's statements at the critical stage of the investigation, which is contrary to the doctrine established in the *Rivera Escuté* and *Escobedo* cases.

■ The contention is not supported by the record. Although detective Pedro Luis Rivera Torres testified in relation to some incriminatory statements made by defendant at Police Headquarters in Santa Isabel, such testimony was offered by the detective in the absence of the jury. When the jury returned to the courtroom he merely recited certain conversation between defendant and his son, in which defend-

---

[1] See *People v. Burgos*, 76 P.R.R. 187 (1954) and *People v. Torres*, 75 P.R.R. 219 (1953).

ant told his son, that what he should say was that he knew nothing about the matter, that he was watching television when the incident occurred.

We agree with the Solicitor General that there is nothing in the record which may be considered material, or which may be related to the doctrines established in *Rivera Escuté v. Delgado, Warden,* 92 P.R.R. 746 (1965); *Escobedo v. Illinois,* 378 U.S. 478, or in the cases of *Miranda v. Arizona,* 384 U.S. 436 and *Johnson v. New Jersey,* 384 U.S. 719.

■ . The fourth error was not committed. It alleges that the court erred in denying the motion of the defense to discharge the jury.

The contention was raised on the basis that (1) juror Ángel M. Irizarry had commented aloud that this was a case of murder in the first degree, before the case had been submitted for deliberation, and (2) said juror had spoken to José Lugo Pérez, the principal witness for the prosecution.

During the investigation of the incident the juror denied having commented on the case, or that he had told anybody that he had already formed his opinion on the case, or that at the time when he was examined he had already formed his opinion on the case. No evidence was introduced to contradict him.

In relation to his conversation with José Lugo Pérez, witness for the prosecution, the juror testified that when he arrived he met the witness in the corridor and asked him what he was doing there, and the witness answered that he came as witness in a case of murder in the first degree; that the juror went on and the case was not commented on.

Witness José Lugo Pérez testified on the witness stand that he thinks he greeted juror Irizarry, but that he did not tell him that he came as a witness in a case of Murder in the First Degree.

The defense also introduced the testimony of defendant's wife to the effect that she had seen the witness for the prosecution speaking to the juror on two occasions, and that although she heard that in their conversation they referred to defendant, she does not know what they were talking about.

There is not sufficient basis to conclude that Rules 132 and 133 of the Rules of Criminal Procedure were violated, and, therefore, the trial court did not err in refusing to discharge the jury.

The fifth and last error was not committed either.

■ The testimony of the victim's widow sought to establish the motive of the crime. Although one of the incidents which occurred between the victim and defendant was quite remote, its admission was not an error of such nature as to be reversible. Before the witness recited this incident the judge ordered the jury to withdraw, but the attorney for the defense said, "Alright, the jury may stay. If she was present." Anyway, in the light of the circumstances arising from the record, we are not convinced that defendant was judged in this case with evidence of the commission of other offenses. The evidence of other offenses admitted in evidence, tended to establish the motive of the crime, and therefore it was within the exception to the rule that only evidence of the facts charged in the information is admissible.

For the reasons stated the judgments appealed from will be affirmed.

Mr. Justice Belaval did not participate herein.